**Marion D. WHITLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13347.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 25, 1956.

Decided Oct. 11, 1956.

Mrs. Jean F. Dwyer, Washington, D. C., for appellant.

Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Arthur J. McLaughlin, and John D. Lane, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BAZELON, Circuit Judges.

EDGERTON, Chief Judge.

This appeal is from a conviction under the narcotic laws. Appellant was arrested after an informer under police surveillance had entered and left a three-story rooming house in which ap--

pellant and others lived. In the house the informer had parted with so-called "marked money", meaning bills whose serial numbers were recorded, and acquired narcotics. At appellant's trial the police testified that the informer gave them information about a "particular room and the location of the room" and also about "a particular person".

Appellant and a woman named Meredith both occupied one bedroom on the third floor. The police entered the house by the front door and went to the third floor. Through an open door they saw the appellant in a bathroom. They entered the bathroom and arrested her. The bathroom was not connected with the bedroom.

Some of the officers went through a window from the bathroom to a porch. From the porch, they looked into the bedroom and saw Meredith preparing to give herself a hypodermic injection. They entered the bedroom, searched it, and found narcotics. They also opened the door from the bedroom into the hall, which was locked, and admitted the other officers who had appellant in custody. They asked appellant where her money was and she indicated it was in her purse. They took the marked money from the purse.

The appellant filed a motion to suppress the seized narcotics as evidence, and moved orally to suppress the money. The motion was granted as to the narcotics but denied, on the theory of consent, as to the money. We think the money as well as the narcotics should have been suppressed.

■ We find no evidence of voluntary consent. In Judd v. United States, as in this case, the alleged consent to a search and seizure was given by a person under arrest. In reversing the conviction we said: "a waiver or consent must be proved by clear and positive testimony, and it must be established that there was no duress or coercion * * *." 89 U.S.App.D.C. 64, 66, 190 F.2d 649, 651.

■ Since the room in which the appellant was arrested was separated by a corridor and a locked door from the room that was searched, it is not clear that the search and seizure were incidental to her arrest. Even if they were incidental, the arrest did not justify the search and seizure, for there was no proof that the arrest was legal. There was no proof that the informer had told the police that the appellant was the "particular person" who had sold narcotics. Accordingly it does not appear that the officers had probable cause, when they arrested appellant, to believe she had committed a felony. Cf. Wrightson v. United States, 95 U.S.App. D.C. 390, 392, 222 F.2d 556, 558; Wrightson v. United States, 98 U.S.App. D.C. 377, 236 F.2d 672.

■ The arrest of Meredith, also, does not appear to have been legal and therefore does not justify the search and seizure. Since the porch from which the police saw Meredith was not open to the public, and the police reached it through a window, they had no right to be on the porch, whatever may be thought of their previous presence in the relatively public corridors of the rooming house. It follows that what they saw from the porch, even if it gave them probable cause to believe that Meredith had committed a felony, did not justify them in arresting her. McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153.

Reversed and remanded for a new trial.