THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES M. BOYLE, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LOUIS R. MROZ, Defendant-Appellee.

First District (4th Division)   Nos. 76-1697, 76-1698 cons.

Opinion filed July 28, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kenneth T. McCurry, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

These consolidated appeals are taken by the State from orders of the circuit court of Cook County sustaining motions to suppress evidence. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a).) The State contends that the arresting officer's conduct was not unlawful under the circumstances, thereby rendering the seizure of evidence and arrests proper. We agree and reverse.

In cause No. 76-1697, the record shows that on April 6, 1976, at 11:30 a.m., Chicago Police Officer Patrick Chambers, who was assigned to the gambling unit, saw defendant James Boyle enter a building owned by the Chicago Transit Authority (CTA). Chambers had prior encounters with defendant. Although defendant was not violating any law at this time and Officer Chambers did not have an arrest warrant or search warrant for defendant, the officer followed defendant into the building. Boyle walked toward the rear of the building and from a short distance Officer Chambers saw him in a corridor as another man approached defendant, handed defendant $25 and received a paper in return which Officer Chambers recognized as evidence of a horse wager. Defendant dropped the paper when he saw Officer Chambers, who then arrested defendant and charged him with gambling. Ill. Rev. Stat. 1975, ch. 38, par. 28—1(a)(5).

Officer Chambers testified at the motion to suppress that he had previously been on the CTA premises, and the building was used by CTA employees who were on work breaks. The record does not show if defendant was a CTA employee. The trial court found that the police officer had no justification for entering CTA property, and thus the officer

acted improperly. Defendant's motion to suppress evidence was sustained.

In cause No. 76-1698, the record suggests that after Boyle's arrest Officer Chambers placed him in a police car, and he then returned to the CTA building to look for more evidence, which he found. Officer Chambers, who was not in uniform, was looking at the horse wager slips when defendant, Louis Mroz, approached, warned the officer the police could be nearby, and then purportedly attempted to place a bet by handing money and a wager slip to Officer Chambers. Mroz, who was a CTA employee, was arrested and charged with gambling.

Officer Chambers testified that at the CTA property in question individuals who were not CTA employees entered and placed bets with a person who stood by the door. The general public did not use the property, but those on business would enter even if they were not employees. Officer Chambers had been on the property many times prior to Mroz's arrest and the record does not indicate that the CTA objected to his presence on these occasions or that the CTA warned against trespassers.

The trial court sustained Mroz's motion to suppress. It reiterated that Officer Chambers had entered the property unlawfully which invalidated Boyle's arrest and the seizure of evidence. The court then found that Mroz's arrest and seizure of evidence was tainted by the officer's prior misconduct.

■■ Neither defendant has filed a brief in these consolidated appeals. However, in accord with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we shall consider the merits of the State's position.

■■ A police officer may seize evidence of a criminal offense which is within his plain view and effect an arrest of the individual involved. (*People v. Wright* (1968), 41 Ill. 2d 170, 174-175, 242 N.E.2d 180, *cert. denied* (1969), 395 U.S. 933, 23 L. Ed. 2d 448, 89 S. Ct. 1993.) The "plain view" concept also requires that the position from which the officer sees the evidence must not be tantamount to an unjustified intrusion into an area where defendant's expectation of privacy is constitutionally protected. *United States v. Bradshaw* (4th Cir. 1974), 490 F.2d 1097, 1100, *cert. denied* (1974), 419 U.S. 895, 42 L. Ed. 2d 139, 95 S. Ct. 173; *United States v. Cooks* (7th Cir. 1974), 493 F.2d 668, 670, *cert. denied* (1975), 420 U.S. 996, 43 L. Ed. 2d 679, 95 S. Ct. 1437; see *Recznik v. City of Lorain* (1968), 393 U.S. 166, 21 L. Ed. 2d 317, 89 S. Ct. 342; *People v. Wright.*

■■ An officer, who views evidence of illegal conduct from an area utilized by the public, may seize that evidence. (*People v. Carroll* (1973), 12 Ill. App. 3d 869, 875-76 , 299 N.E.2d 134, *cert. denied* (1974), 417 U.S. 972, 41 L. Ed. 2d 1144, 94 S. Ct. 3180; *Lorenzana v. Superior Court* (1973),

9 Cal. 3d 626, 629-35, 511 P.2d 33, 35-40, 108 Cal. Rptr. 585, 587-92.) Generally, evidence viewed by an officer from a position where he has no right to be may not be properly seized. (*Lorenzana; Whitley v. United States* (D.C. Cir. 1956), 237 F.2d 787, 788; see *McDonald v. United States* (1948), 335 U.S. 451, 458-60, 93 L. Ed. 153, 159-61, 69 S. Ct. 191, Jackson, J., concurring.) But even a trespass by police which place them in a position to view must infringe upon the rights of the defendant (*Commonwealth v. Thomas* (1971), 358 Mass. 771, 774-75, 267 N.E.2d 489, 491-92) in order to permit the defendant to challenge the police conduct (*People v. Green* (1974), 20 Ill. App. 3d 809, 815, 314 N.E.2d 719).

■■ We are of the opinion that Boyle cannot claim a legitimate expectation of privacy when he allegedly conducted a gambling operation in the corridor of the CTA building, in potential view of CTA employees and other people who were using the facility. (*United States v. Chadwick* (June 21, 1977), 45 U.S.L.W. 4797, 4799-4800.) Officer Chambers also had been on the premises during prior occasions even though he was not a CTA employee, thereby suggesting the implicit approval of his presence by the CTA. Moreover, Boyle did not contend and the record does not show that the premises were under his legal control thus affording him standing to question the presence of Officer Chambers. (*People v. Green.*) Under the circumstances, it cannot be said that Officer Chambers' initial entry onto the CTA premises on April 6, 1976, requires suppression of the evidence seized from Boyle. (*United States v. Cogwell* (7th Cir. 1973), 486 F.2d 823, 835-37, *cert. denied* (1974), 416 U.S. 959, 40 L. Ed. 2d 310, 94 S. Ct. 1975.) It therefore also follows that the incident involving Mroz was not tainted by Officer Chambers' conduct involving Boyle, and the trial court erred in granting Mroz's motion to suppress.

Accordingly, the orders of the circuit court of Cook County in causes 76-1697 and 76-1698 are reversed.

Orders reversed.

JOHNSON and ROMITI, JJ., concur.